SCUDDER, Respondent, v. INTERURBAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. July 13, 1904.) Action by Frank S. Scudder against the Interurban Street Railway Company. From a judgment of the Appellate Term, affirming a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Affirmed. Paul D. Cravath, for appellant. Harcourt Bull, for respondent.

HATCH, J. The question which I regarded as controlling the decision in Topham v. This Defendant (decided herewith) 89 N. Y. Supp. 298, is not presented by the present record. The lease made in this case shows it to have been subsequent to May 1, 1891, and it is not claimed that there were any other leases made of the Third Avenue Railroad or the Metropolitan Street Railway Company prior thereto. Consequently such question is not involved. Neither does the pleading nor the proof in this case raise the question of compliance with section 104 of the railroad law (Laws 1892, p. 1406, c. 676), by showing that suitable regulations were made for the issuance of transfers in the promotion of the public convenience, as is expressed in the Topham Case. It follows, therefore, that the determination of the Appellate Term should be affirmed, with costs.

PATTERSON and LAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). My views of the construction to be given to section 103 of the railroad law (chapter 676, p. 1406, Laws 1892) are indicated in the case of Topham v. Interurban Street Railway Co. (decided herewith) 89 N. Y. Supp. 298; and, if I am correct, this judgment must be reversed. The complaint alleges that the Metropolitan Street Railway Company had, for one year prior to April 8, 1902, controlled and operated several lines of street surface railroads in the city of New York; that one of the said lines had been, on the 8th day of April, 1900, leased to the said Metropolitan Street Railway Company by the Third Avenue Railroad Company; that at the time of such lease the other lines of railway, which included the Amsterdam Avenue line, were controlled and operated by the Metropolitan Street Railway Company; that on

the 29th of June, 1903, the plaintiff boarded a car running north on Amsterdam avenue, paid his fare, and asked for a transfer to enable him to ride to a point on the 125th Street Railroad, which had been leased to the Metropolitan Street Railway Company by the Third Avenue Railroad Company, both of these lines being operated by the defendant, which request was refused. And plaintiff asked to recover the penalty provided for a violation of the section. The lease of the Third Avenue Railroad Company to the Metropolitan Street Railway Company was introduced in evidence. It recites that the parties are street surface railroad companies organized and existing under the laws of the state of New York, and that the lessor, the Third Avenue Railroad Company, owns and operates certain street surface railroads and railroad routes in the city of New York, which include the road on 125th street, and owns certain parcels of land in the city, and stock in certain other street surface railroad companies, and leases to the Metropolitan Street Railway Company "all the railroads of the party of the first part" thereinbefore mentioned, for 999 years, the lessee paying certain specified rent therefor, "to be used, maintained, and operated by the party of the second part in accordance with the requirements of the charters and subject to the conditions of the grant to the party of the first part." This lease only affects the railroads owned and operated by the Third Avenue Railroad Company, leased to the Metropolitan Street Railway Company. The lines before leased to or operated by the Metropolitan Company were not referred to or in any way affected by this lease, and neither the lease nor the obligations assumed by either of the parties thereto was at all affected by the ownership or interest of the Metropolitan Company in any other street railroad. The only "railroads or portions thereof embraced in such contracts" were the lines of the Third Avenue Railroad Company, which were leased to the Metropolitan Company; and as the statute only requires the parties to the contract to give to a passenger a transfer "entitling such passenger to one continuous trip to any point or portion of any railroad embraced in such contract," it had no application to a line of railroad, although operated by a party to the contract, which was not as a fact embraced in the contract. The words "railroad or portions thereof" cannot, in my opinion, apply to all lines of railroad operated by either party to the contract which are not "embraced in the contract." It does not appear in the record when the Metropolitan Street Railway Company acquired the right to operate the Amsterdam Avenue line. It certainly cannot be presumed, so as to make the defendant liable for a penalty, that the defendant is operating the Amsterdam Avenue line under a lease or contract made after May 1, 1891. I think the determination should be reversed, with costs, and the complaint dismissed.

VAN BRUNT, P. J., also dissents.